## State, *ex rel.* Daly *v.* Henderson, Governor.

### Mandamus.

(Decided February 2, 1917.  Rehearing denied March 28, 1917.
74 South. 961.)

States; Expenses of Attorney General; "Approved by the Governor;" Statute.—Under Acts 1915, p. 719, section 6, providing that the Attorney General is authorized to incur such expenses as may be necessary in the investigation of violations of the criminal law, the prosecution of crime, and in the conduct, investigation, and prosecution of any civil action in which the state is interested or its revenues are involved, etc., and that all such expenses shall be paid by warrant drawn by the state auditor upon the certificate of the Attorney General of accounts properly itemized and sworn to and approved by the Governor, the Governor has the right to exercise his

[State, ex rel. Daly v. Henderson, Governor.]

judgment and discretion in approving the expenditures so submitted to him; the phrase "approved by the Governor" having the meaning which it carries to the common understanding, i. e., that it was intended, as a condition precedent to payment, to evoke the Governor's official sanction of the expenditures, his commendation, and judgment that it was for the public good.

APPEAL from Montgomery Circuit Court.

Heard before Hon. LEON McCORD.

Petition by the State of Alabama on the relation of James R. Daly against Charles Henderson as Governor for mandamus to require the payment of certain expenses. From a judgment sustaining demurrer to the petition relator appeals. Affirmed.

WILLIAM L. MARTIN, Attorney General, and P. W. TURNER, LAWRENCE E. BROWN and HARWELL G. DAVIS, Assistant Attorneys General, for appellant. BALL & SAMFORD and RUSHTON, WILLIAMS & CRENSHAW for appellee.

SAYRE, J.—This appeal was submitted for decision according to rule 46 (178 Ala. xix, 65 South. vii), and has been considered by the court under that rule.

The record, besides some questions which have been disposed of in the case of *State, ex rel. Turner v. Henderson, infra,* 74 South. 344, raises an issue as to the proper interpretation of section 6 of the act entitled an act "To further prescribe the authority and duties of the Attorney General," etc., approved September 22, 1915 (Gen. Acts 1915, p. 719, et seq.), which reads as follows: "Sec. 6. The Attorney General is authorized to incur such expenses as may be necessary in the investigation of violations of the criminal law, in the prosecution of crime, and in the conduct, investigation and prosecution of any civil cause in which the state is interested or the state's revenues involved. Authority is herein contained for the Attorney General and his assistants to incur such traveling expenses in the performance of their duties as may be necessary; and the like expenses of solicitors traveling in obedience to the direction of the Attorney General as herein prescribed shall be paid; and such other incidental expenses of the office as may be necessary. All such expenses shall be paid by warrant drawn by the state auditor upon the certificate of the Attorney General of accounts properly itemized and sworn to, such certificate to be approved by the Governor.

By the petition it is made to appear that petitioner had been employed by the Attorney General to make certain investiga-

[State, ex rel. Daly v. Henderson, Governor.]

tions in the conduct and prosecution of a cause in the Supreme Court in which the state was the plaintiff and Pal M. Daniel, as sheriff of Russell county, was the respondent, that he had performed the duties required of him by the terms of his employment, and that an itemized account of the same and of expenses incurred in and about the performance of the same had been approved by the Attorney General. The account, itemized and sworn to, was attached as an exhibit to the petition. In the circuit court a demurrer was sustained to the petition, after which this appeal.

The only question we need to consider at this time is whether the Governor has discretion to approve or disapprove accounts of this character, or whether the approval required of him by the statute is merely ministerial.

To state the court's conclusion and the reason for it very briefly:

In the case of *United States, ex rel. Parrish v. MacVeagh*, 214 U. S. 124, 29 Sup. Ct. 556, 53 L. Ed. 936, cited by appellant and stated at some length in the brief, where Congress referred it to the secretary of the treasury to ascertain and pay to the relator the full amount which should have been paid to him on account of a contract for the purchase by the government of 30,000 tons of ice "in accordance with the evidence in the case collected by the United States Court of Claims," the court saying that "the duty enjoined required a reference in a sense to evidence, it may be, but it was to evidence whose probative force had been estimated and declared," that "it [the evidence] conduced to but one conclusion," held that the respondent had not the power, claimed by him, to review the evidence taken in the Court of Claims and "make such findings" as might "seem right and proper to him"—which claim, the court said, raised the ultimate question to be decided—but, in effect, that his duty was merely one of calculation from ascertained data, and that its performance might be compelled by the writ of mandamus. This statement of that case will suffice to differentiate it from the case at bar and deprive it of all authority in the premises.

It does not seem probable that the Legislature after adopting other safeguards concerning the mere correctness of such accounts, viz., that they should be itemized and verified by the oath presumably of some person having a knowledge of the facts, and certified by the Attorney General, who may be presumed

[State, ex rel. Daly v. Henderson, Governor.]

to know best what the expenses of his department have been, intended that the Governor, to whom no facilities for investigation are extended, should institute an inquiry as to the correctness or honesty of items of service or expenditure after the service shall have been rendered or the liability incurred. And so, too, the Legislature might have required the Governor to countersign the Attorney General's certificate as a matter of mere form, signifying nothing in fact, but until that meaning shall have the support of some argument drawn from extrinsic circumstances or conditions in view of which the act may have been passed, the court deems it best to assign to the phrase "approved by the Governor" that meaning which it carries to the common understanding, viz., that it was intended, as a condition precedent to payment, to evoke the Governor's official sanction of the expenditure, his commendation and judgment that it was for the public good. The court does not see its way clear to a definition of the phrase which would exclude the right of the Governor to exercise judgment and discretion in approving or disapproving the expenditures submitted to him. On the contrary, looking to the face of the act and such general and familiar considerations of propriety and policy as may be supposed to enter into every such enactment, we should judge that the reason for the requirement that the Attorney General's certificate should be approved by the Governor was, not to give the Attorney General a power in excess of that which could be exercised by the chief executive, not to make the chief executive, upon whom the Constitution with emphasis lays the burden of seeing that the laws be faithfully executed, a marionette to be moved by a string in the hand of another, but to arrange a proper balance of power between the two by giving the Governor the power and imposing upon him the duty of approving or disapproving the extraordinary expenditures which this section of the act authorizes, and this interpretation of the statute finds support in the legislative history of the enactment, the first shape of this legislation, its veto by the Governor, and the changes thereafter introduced, all of which, as shown by the journals of the two houses, we have consulted. The court is therefore of the opinion that the judgment of the circuit court sustaining the demurrer to the petition was right.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.